**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| **SAFEWAY, INC.**<br>4551 Forbes Blvd<br>Lanham, MD 20706<br><br>      **Petitioner,**<br><br>      v.<br><br>**UNITED FOOD AND COMMERCIAL WORKERS, LOCAL 400,**<br>8400 Corporate Dr.<br>Suite 200<br>Landover, MD 20785<br><br>      **Respondent.** | **Case No. 19-cv-01412** |

## PETITION TO VACATE THE ARBITRATION AWARD

Safeway, Inc. ("Safeway" or "the Company"), through undersigned counsel, hereby petitions the Court for an Order vacating an arbitrator's award pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In support of this Petition, Safeway alleges as follows:

## INTRODUCTION

This is an action to vacate the September 5, 2019 Arbitration Award of Arbitrator Richard Adelman. The arbitration was to resolve a dispute about the discharge of Quinton Byrd, a produce manager at one of Safeway's stores. The issue brought to the arbitrator to decide was whether Safeway had good cause to discharge Mr. Byrd and, if not, what shall be the remedy. Mr. Byrd was terminated in accordance with Safeway's progressive discipline policy. He reached the final step of discipline, discharge, on July 18, 2018.

In the Award, the arbitrator determined that Safeway "had good cause to discipline Quinton Byrd, and to demote him as produce manager at store #1462, but the Company did not have good cause to discharge Mr. Byrd as an employee." *See* the September 5, 2019 Arbitration Award, Ex. A attached. The arbitrator also concluded that "Mr. Byrd did not engage in any misconduct that adversely affected his ability to perform the duties of a clerk in the produce department, or that adversely affected his ability to continue to be an employee of the Company." These conclusions arise from the arbitrator's own notions of justice and is inconsistent with the terms of the parties' bargained-for labor agreement.

First, the discipline meted out in the arbitrator's award contradicts the arbitrator's own determination that Safeway had good cause to discipline Mr. Byrd. In accordance with the progressive discipline policy, the next step in the disciplinary process for Mr. Byrd was discharge. Accordingly, if Safeway had good cause to discipline Mr. Byrd, the Company certainly had good cause to discharge Mr. Byrd.  Moreover, by requiring Safeway to demote Mr. Byrd to a food clerk position, the arbitrator improperly added an alternative outcome to the progressive discipline policy not contemplated by the parties.

In addition, the Award creates a new standard that does not exist in the collective bargaining agreement between ("CBA") Safeway and United Food and Commercial Workers, Local 400 ("Union"). *See* the CBA, Ex. B attached. There is no requirement that an employee must engage in misconduct that adversely affects his ability to perform the duties of another position or to continue to be an employee generally to be subject to discipline for failing to meet performance standards. When he crafted this standard, the arbitrator exceeded the authority given to him in the CBA, and his decision failed to draw its essence from the CBA. As such, the September 5, 2019 Arbitration Award must be vacated.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c), 28 U.S.C. § 1331 (action arising under the Constitution, laws, or treaties of the United States), and 29 U.S.C. § 1337(a) (action arising under federal law regulating commerce).

2. Venue is proper in the Eastern District of Virginia pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), in that the duly authorized officers and agents of the Union are engaged in representing or acting for employees in the Eastern District of Virginia. Venue is also proper in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to this action occurred in the jurisdictions that comprise the Eastern District of Virginia.

## PARTIES

3. Safeway, the Petitioner, is a chain of supermarket stores with headquarters in Pleasanton, California. The Company is a subsidiary of Albertson, a grocery store chain with headquarters in Boise, Idaho. Safeway owns and operates stores in a variety of states, including Virginia. The Company is an employer within the meaning of Section 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2).

4. The Union, Respondent, is an unincorporated labor organization with its principal place of business located in Landover, Maryland. The Union is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(2). The Union represents employees in industries affecting commerce, and maintains a place of business in Maryland and otherwise transacts business in Maryland, Virginia, the District of Columbia, West Virginia, Tennessee, North Carolina, Kentucky, and Ohio.

5. The Union is the exclusive bargaining representative of Safeway retail employees who work at various stores in Maryland, Virginia, and the District of Columbia. ("Bargaining Unit").

6. The Company and the Union are parties to a collective bargaining agreement governing the terms and conditions of employment for the Bargaining Unit. The relevant collective bargaining agreement ("CBA") between the Union and the Company covers the period October 30, 2016 to October 26, 2019. A true and correct copy of the CBA is attached hereto at Exhibit B.

## FACTS

I. **BACKGROUND**

7. Quinton Byrd worked as a produce manager at Safeway Store #1462 in Falls Church, Virginia. Mr. Byrd was a member of the Union. As the produce manager, Mr. Byrd was responsible for ensuring that the produce department was in suitable condition for customers.

8. On November 28, 2017, Mr. Byrd received a verbal warning for the conditions of the produce department. There were products on the shelves that had been expired for months.

9. Mr. Byrd received a written warning on March 19, 2018 for the abysmal conditions in the produce department. Shelves in the produce department were not stocked with enough product for customers, and the department was not clean.

10. In accordance with Safeway's progressive discipline policy, Mr. Byrd received a 3-day suspension on May 16, 2018 because of the conditions in the produce department. The department was not clean, there were expired products on the shelves, and gaps in the store displays.

11.     Mr. Byrd received a 5-day suspension on May 30, 2018 as the conditions in the produce had not improved. There were rotten string beans on the shelves, the area was not clean, and there were expired price tags on display throughout the department.

12.     On June 18, 2018, Mr. Byrd was terminated in accordance with the progressive discipline policy for the poor conditions in the produce department. There were empty shelves, unrefrigerated perishable items, and the department was not clean.

13.     Mr. Byrd received each discipline from a different manager.

14.     The Union grieved Mr. Byrd's termination, and the termination resulted in arbitration before Arbitrator Richard Adelman. The issue for the Arbitrator to decide was "[w]hether Safeway had just cause to discharge Quinton Byrd on July 18, 2018? If not, what shall be the remedy?"

**II.     RELEVANT CBA PROVISIONS**

15.     With respect to discharge and discipline, the CBA's provides:

> The Employer shall have the right to discharge or discipline any employee for good cause, including but not limited to, proven or acknowledged dishonesty, intoxication during working hours, drinking or gambling on Employer's premises, or direct refusal to obey orders by the Employer which are not in violation of this Agreement, provided, however, that no employee shall be discharged or discriminated against because of membership in the Union or for Union activities.

(*See* Ex. B, § 10.2).

16.     The CBA also discusses poor performance and states:

> In the event that an employee's work is unsatisfactory, he [or she] shall be given at least one (1) written notice before disciplinary action is taken, and a copy of the notice shall be sent to the Union at the same time. Notices and warnings shall become null and void nine (9) months from the date of issue.

(*Id.*) (emphasis added).

17.     The Arbitrator's authority is defined in Section 21.3 of the CBA, which provides, in pertinent part:

5

> . . . nor shall the arbitrator have the authority to effect a change in, modify, or amend any of the provisions in this Agreement or to make decisions or provisions covering wages or working conditions to be incorporated either in a new Agreement or any subsequent annual Agreement, except as hereinafter provided.

(*Id*. at § 21.3).

18. On September 5, 2019, Arbitrator Adelman reached the following decision:

> In sum, the Company had valid reasons to impose discipline on Mr. Byrd, a long-term produce department manager, for his failure to properly perform his duties as the produce manager in store #1462, and to demote him from the position of produce manager. Thus, the evidence established that Mr. Byrd did not adequately perform his duties as a produce manager in store #1462, however, the Company did not have good cause to discharge him as an employee. Mr. Byrd did not engage in any misconduct that adversely affected his ability to perform the duties of a clerk in the produce department, or that adversely affected his ability to continue to be an employee of the Company. The appropriate penalty for Mr. Byrd's failure to perform his duties as a produce manager in store #1462 was for the Company to demote him to a clerk position at one of its stores.

(*See* Ex. A).

19. Based on his conclusion, Arbitrator Adelman ordered that Safeway reinstate Mr. Byrd to a produce clerk position with back pay contingent on Mr. Byrd's duty to mitigate damages.

### CAUSE OF ACTION—ORDER VACATING ARBITRATION AWARD

20. Petitioner incorporates by reference the allegations contained in Paragraphs 1 through 19 above as if fully set forth herein.

21. In rendering his Award, the Arbitrator reached a contradictory conclusion. He concluded that Safeway had good cause to discipline and demote Mr. Byrd to a clerk position but not to discharge him. Safeway discharged Mr. Byrd in accordance with its progressive discipline policy. As such, if Safeway had good cause to discipline Mr. Byrd, it had good cause to discharge him because discharge was the next step on the progressive discipline scale applicable to Mr. Byrd.

22. The Arbitrator sought to enforce his own notions of industrial justice. Arbitrator Adelman created a new standard that requires Safeway to prove that an employee engaged in

6

misconduct that adversely affects his or her ability to perform the duties of another position, or that adversely affects his or ability to remain an employee before discharging that employee. The CBA does not define good cause in this manner. By reaching this conclusion, the Arbitrator effected a change in, modified and amended the Agreement in violation of the CBA.

23. In rendering his Award, the Arbitrator impermissibly exceeded the scope of the grievance, by adding an additional step to Safeway's progressive discipline policy. Safeway followed the progressive discipline policy when it terminated Mr. Byrd. The Award requires Safeway to demote individuals before termination, which is not in the CBA or any of Safeway's policies.

24. The Fourth Circuit has discussed the standard for vacating arbitration awards: "[A] court must vacate an arbitrator's award if it violates clearly established public policy, fails to draw its essence from the collective bargaining agreement, or reflects merely the arbitrator's personal notions of right and wrong." *Champion Int'l Corp. v. United Paperworkers Int'l Union*, 168 F.3d 725, 729 (4th Cir. 1999).

25. "While an arbitrator is generally under no obligation to provide reasons for his decision," an award must be grounded in the parties' agreement rather than the "arbitrator's 'own brand of industrial justice.'" *Id*. Accordingly, "[o]ne way to test the validity of an arbitration award on this basis is to ask 'whether the award ignored the plain language of the [collective bargaining agreement].'" *Id*. In this case, the arbitrator ignored the plain language of the CBA, and crafted his own brand of industrial justice.

26. In *Champion International Corp*., the arbitration award was vacated because "the arbitrator failed to apply the underlying collective bargaining agreement" and the only inference the court could draw was that the award was based on the arbitrator's "own notions of fairness."

168 F.3d at 731. The court, therefore, held, "[b]ecause the arbitrator's award of stabilization bonuses failed to draw its essence from any applicable agreement, it [was] illegal and must be vacated." *Id.*; *see also Int'l Union, United Mine Workers v. Marrowbone Dev. Co.*, 232 F.3d 383, 391 (4th Cir. 2000) (vacating award where the "arbitrator exceeded his authority under the 1998 Agreement [because he] denied the Union a full and fair hearing."); *Mountaineer Gas Co. v. Oil, Chemical & Atomic Workers Int'l Union*, 76 F.3d 606, 610 (4th Cir. 1996) (vacating award where "the arbitrator blatantly ignored the unambiguous language of the Drug Policy and fashioned a modified penalty that appealed to his own notions of right and wrong.").

27. In this case, the arbitrator's decision was not grounded in the CBA between Safeway and Local 400. Based on his initial analysis of good cause, Safeway had good cause to terminate Mr. Byrd because it had good cause to discipline him. The next step on the progressive discipline scale was discharge.

28. The arbitrator improperly concluded that for Safeway to have good cause for discharge, the Company has to demonstrate that an employee engaged in misconduct that adversely affects his or her ability to perform the duties of demoted position or adversely affects his or her ability to continue as an employee generally. By creating a new, nebulous standard for good cause to discharge, the Arbitrator dispensed his own brand of industrial justice and ignored the CBA. In addition, he created a modified penalty inconsistent with the terms of the CBA by requiring Safeway to demote Mr. Byrd instead of upholding the termination based on progressive discipline.

**WHEREFORE**, Petitioner Safeway respectfully requests that this Court: (1) Enter an Order vacating the Arbitrator's September 5, 2019 Award; (2) Grant Safeway its costs incurred, including reasonable attorney's fees, in bringing this action; and (3) Award Petitioner such other relief as the Court deems just and proper.

Dated: November 7, 2019                Respectfully submitted,

                                                                 /s/ Nancy N. Delogu
                                                                Nancy N. Delogu (Va. Bar. 37826)
                                                                Tony W. Torain, II (Va. Bar 92743)
                                                                LITTLER MENDELSON, P.C.
                                                                815 Connecticut Avenue, NW, Suite 400
                                                                Washington, DC 20006
                                                                202.842.3400 Telephone
                                                                202.842.0011 Facsimile
                                                                nndelogu@littler.com
                                                                ttorain@littler.com